PUNEFUOLEMOTU M. TUAOLO, Appellant,

v.

MANAIA E.T. VAIVAO FRUEAN, Appellee.

---

SAELUA FA`ATE`A, Appellant,

v.

MANAIA E.T. VAIVAO FRUEAN, Appellee.

---

**In the Matter of the Matai Title**
**TUAOLO from the village of Pago Pago**

High Court of American Samoa
Appellate Division

AP No. 06-95
AP No. 07-95

June 16, 1997

Before KRUSE, Chief Justice, GOODWIN,[*] Acting Associate Justice, WALLACE,[**] Acting Associate Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Appellant, Punefuolemotu M. Tuaolo, Tautai A.F. Fa`alevao
For Appellant, Saelua Fa`ate`a, Romero Solomona Toailoa and Albert Mailo
For Appellee, Manaia E.T. Vaivao Fruean, Afoa L. Su`esu`e Lutu

## OPINION AND ORDER

KRUSE, Chief Justice.

### Procedural History

This controversy concerns the matai title "Tuaolo" of the village of Pago Pago. Appellant Punefuolemotu M. Tuaolo ("Punefu") was the initial claimant and appellant Saelua Fa`ate`a ("Tutuvanu") and appellee Manaia E.T. Vaivao Fruean ("Vaivao") were the counter-claimants. A.S.C.A. § 1.0403 sets forth four criteria to be considered by the trial court in matai title disputes: 1) Best hereditary right, 2) Wish of majority or plurality of the customary clan(s) in the family, 3) Forcefulness, character, personality and knowledge of Samoan custom, and 4) Value of the candidate to family, village, and country.

After trial on the merits, the court found that Punefu prevailed on criterion 1 and that Vaivao prevailed on criteria 2, 3, and 4. The court concluded in favor of Vaivao and awarded the title accordingly. Punefu

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

34

and Tutuvanu both appealed, and their appeals were joined. Tutuvanu has since passed away.

## Discussion

There are essentially two issues before us on appeal. First, appellants contend that the Samoan Associate Judges should have disqualified themselves based on the appearance of partiality. Appellants argue that the Associate Judges' working relationship with Vaivao, who is an Associate Judge of the High Court, presents an "appearance of partiality." Second, appellants contest the court's factual findings, regarding the A.S.C.A. § 1.0403 criteria, as clearly erroneous.

A. Disqualification

▓▓▓▓ Disqualification of the trial judges was first raised by Tutuvanu in an in-chambers pre-trial conference. The presiding justice directed counsel to file a written motion, which the latter never did. This failure to file a formal motion to disqualify constitutes a waiver. *See, e.g., Delesdernier v. Porterie*, 666 F.2d 116, 118-123 (5th Cir. 1982), *cert. denied*, 459 U.S. 835, 74 L.Ed.2d 81, (1982). The decision to wait until after trial to move for a judge's disqualification is highly improper. *In re Matai Title Tauala*, 15 A.S.R.2d 65, 67 (Land & Titles Div. 1990); *see also In re Matai Title Tuiolosega*, 1 A.S.R.2d 37, 38 (Land & Titles Div. 1980) (citing *Iosia v. Heirs of Lemeanai*, 2 A.S.R. 42 (Trial Div. 1954)). Here, appellants went forward with the trial, waited for a decision, and when the decision came down against them, decided to bring up the issue of disqualification.[1] We are not inclined to encourage lawyers to delay making their disqualification motions until after their trial loss. We hold that appellants' motion to disqualify is untimely.

▓▓▓▓ Moreover, even if Vaivao's work relationship presented an appearance of partiality, where the judges should have considered recusal *sua sponte*, we believe that the Rule of Necessity nonetheless precluded disqualification. This ancient rule dictates that when a case cannot otherwise be heard, even an interested judge has a duty to sit on that matter. *See United States v. Will*, 449 U.S. 200, 213-14 (1980); *In re Matai Title Faumuina*, 26 A.S.R.2d 1, 7 at n.8 (App. Div. 1994). Under appellants' analysis, every Samoan judge with a past or present working relationship with Vaivao would be disqualified. Since there was no evidence to suggest that there were at least three other retired[2]

---

[1] We note that one of the "partial" Samoan judges issued a dissent to the trial court's opinion.

[2] A.S.C.A. § 3.1004(d) provides for the addition of retired associate judges to the panel of "temporary associate judges," without going through the confirmation process of A.S.C.A. § 3.1006(b). Since 1977,

associate judges--necessary to compose a quorum as required by A.S.C.A. § 3.0240--who were available to sit at trial, we conclude that the case could not have otherwise been heard.[3] As such, even if there was an appearance of partiality, the rule of necessity prevailed over the countervailing disqualification standards.[4]

## B. Best Hereditary Right

Appellants argue that Vaivao's genealogy is incorrect and that Vaivao has no blood relationship to the Tuaolo title.

■ We can only set aside the trial court's findings if they are clearly erroneous. *Uiagalelei v. Ulufale*, 17 A.S.R.2d 158, 160 (App. Div. 1990). Appellants urge this court to reweigh the facts presented at trial. This task is best left to the trier of fact, who is in a unique position to

---

when § 3.1006(b) was enacted, all other candidates to the panel of temporary associate judges were required to go through the confirmation process.

[3] Although we note that A.S.C.A. § 3.1006 allows for the appointment of temporary judges, this appointment cannot be made without invoking the legislative process. This requirement of both Governor and Fono approval makes any appointment of a temporary judge highly impractical.

[4] Appellants also rely heavily on a recent appellate decision which addresses the issue of disqualification. *See Saunoa v. Lutali*, 26 A.S.R.2d 1 (App. Div. 1994). The *Saunoa* court held that there was an appearance of partiality problem with two of the sitting associate judges, because they had been appointed to the bench by the prevailing party, Lutali, when the latter previously held the post of Governor. The court held a duty of recusal on an associate judge "who finds himself or herself assigned to a case in which a governor who appointed the judge appears in his or her personal capacity." *Saunoa* at 7.

The *Saunoa* court indicated that the appearance of partiality is of particular concern in a small community such as American Samoa, and as such it is critically important to avoid that appearance. *Id.* However, this reasoning also belies a basic understanding of this jurisdiction. Because the American Samoan community is so small, nearly every lawyer, judge and politician has some level of association. Moreover, many members of the three branches of government are also matai, and continually interact with one another at that level.

Although we agree that a true appearance of partiality is as corrosive to the judiciary as actual partiality, we believe that, in American Samoa, a mere professional relationship or friendly acquaintance is insufficient to create the appearance of partiality. The adoption of such a low threshold for what constitutes a true "appearance of partiality" would preclude nearly every judge and justice from hearing a matai title case.

36

hear the evidence and observe the demeanor of the witnesses. We did, however, perform an extensive review of the testimony and exhibits. Although it is true that there is conflicting testimony regarding the genealogy of the Tuaolo family, we cannot say that the trial court's decision to accept Vaivao's proffered genealogy[5] was clearly erroneous. Vaivao's genealogy is not wholly inconsistent with the complex blood and title interrelationships in the Tuaolo, Lea`oa and Lago families recited during this and previous other proceedings before the Land and Titles Division of the High Court. An extensive review of the older court cases dealing with these family genealogies did not uncover evidence which specifically precluded Vaivao's genealogy.[6]

## C. Wish of majority or plurality of family

The arguments regarding the majority or plurality of the family center on whose genealogy is believed. Punefu argues that the original titleholder was Fealofani and the clans are descended from his children Siasaga, Tautai, Faagai, and Misipaga. Tutuvanu argues that the original titleholder was Tuaolo Tuli.[7] However, as discussed above we do not believe the trial court's acceptance of Vaivao's genealogy to be clearly erroneous.

■ After resolving that Vaivao's genealogy was correct, the court followed the traditional rule which bases clans upon the children of the original title holder. *See In re Matai Title Iuli,* 14 A.S.R.2d 116, 118

---

[5] This determination was not addressed by the dissenting opinion.

[6] Appellants also argue that Vaivao's 1/128 blood relationship is too tenuous to merit consideration, relying on *In Re Matai Title "Faumuina,"* LT No. 1265-72, slip op. at 13 (Trial Div. 1973). This reliance is unfounded for several reasons. First, this language is merely dicta. Second, the trial court's decision in Faumuina was reversed and remanded on appeal. *Lutali v. Faumuina,* AP. No. 70-73 (App. Div. 1974). Third, we have found cases which consider candidates with a blood relationship as small as 1/4096. *See Aseuga v. Manuma,* 4 A.S.R. 616, 624 (Trial Div. 1965), *affirmed,* 4 A.S.R. 947 (App. Div. 1967). Finally, the *Sotoa* rule--measuring hereditary right by tracing descent to the original titleholder or nearest common ancestor--has been defended as being less arbitrary to clans which have not held the title for several generations but whose members, according to the tradition in many families, remain entitled to a fair chance at each new vacancy and perhaps even to some affirmative credit on the theory that each clan should have its turn at the title. *See In re Matai Title Laie,* 18 A.S.R.2d 35, 37 (Land & Titles Div. 1991).

[7] However, the older cases all contain evidence which suggests that there were, at the very least, three titleholders before Tuaolo Tuli: Tuaolo Lea`oa, Tuaolo Siasaga and Tuaolo Fealofani.

(Land & Titles Div. 1990). Vaivao's genealogy shows three clans of the Tuaolo family: two descending from the original titleholder's children Vailiili Aosimea II and Tamasailau and one non-descendant clan which was later added when Tuaolo Fealofani became titleholder. The court thus found that there are three current clans of the Tuaolo family: the Vailiili, the Tamasailau and the Fealofani. The court then determined that Vaivao had the support of the majority of Tamasailau clan, and the complete support of the Vailiili clan and Punefu had the majority of support of the Fealofani clan. We hold that these findings are not clearly erroneous.

 Appellants also argue, on appeal, that the trial court failed to make sufficient findings regarding both clan determination and clan support. Appellants, however, failed to move the trial division to amend or make further findings on these issues. The appellants cannot now complain of the lack of specificity of the findings. *See Hollinger v. U.S.*, 651 F.2d 636, 640-41 (9th Cir. 1981). Appellants should have moved for amended or further findings in their motion for reconsideration and, failing to do so, have now waived that argument.[8]

D. Criteria 3 and 4

Appellants generally argue that each of them should prevail on criteria 3 and 4. Both also specifically argue that Vaivao's admission that he is a gambler should have negatively affected his evaluation on criteria 3 and 4. As we previously stated, this court can only set aside findings of the trial court if they are clearly erroneous. *Uiagalelei*, 14 A.S.R.2d at 160. Appellants ask us to reweigh the testimony and evidence presented at trial. We decline to do so. The trial court was in a better position to hear evidence and observe the demeanor of the candidates. Despite the appellants' suggestions, we do not hold the trial court's determinations, as to criteria 3 and 4, clearly erroneous.

## Conclusion

For the reasons set forth above the decision of the trial court is AFFIRMED.

It is so Ordered.

---

[8] We hope that in future matai title cases the trial court will make a concerted effort to clearly detail its findings and analysis as to this, and the other three, criteria. Lack of sufficient findings and a detailed analysis of those findings severely hampers the appellate court's ability to adequately review the lower court's decision.